# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RAY RATTLER (#91323)                                              CIVIL ACTION

VERSUS

COLONEL DENNIS GRIMES, ET AL.                                     NO. 09-0643-JVP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 21, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAY RATTLER (#91323)**                                    **CIVIL ACTION**

**VERSUS**

**COLONEL DENNIS GRIMES, ET AL.**                           **NO. 09-0643-JVP-DLD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate previously confined at Dixon Correctional Institute ("D.C.I."), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. Leblanc and D.C.I. officials Unit Warden James Stevens, Col. Dennis Grimes, Sgt. Alma Harness, and Classification Officer Miller, alleging that the defendants violated the plaintiff's constitutional rights by retaliating against him at D.C.I. in response to his exercise of First Amendment rights.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff alleges that, in January, 2005, at a hearing before the Parole Board, he was questioned regarding why he had not applied for and obtained a high school equivalency diploma ("G.E.D."). In response to this question, the plaintiff indicated that prison officials at D.C.I. had prevented him from obtaining his G.E.D. The plaintiff asserts that although he was thereafter placed in G.E.D. school at D.C.I., he was later "retaliated against by D.C.I. administration for telling the Parole board that it was the administration fault for me not being in school." Although the

plaintiff's Complaint is not clear about the form that this initial retaliation took, the plaintiff refers to a second and subsequent act of retaliation when he was thereafter taken out of G.E.D. school and transferred to the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, allegedly in retaliation for having filed an administrative grievance complaining of his hobby shop privileges at D.C.I. In support of his claims, the plaintiff has attached to his Complaint copies of the prison administration's responses to his administrative grievance, which responses reflect that the grievance was commenced by him in October, 2005, and was ultimately denied on January 27, 2006.

Based on the foregoing, the Court concludes that the plaintiff's claims are time-barred and must be dismissed. In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).

In the instant case, the plaintiff knew of or should have known of the basis for his claims at such time as the alleged retaliatory conduct occurred. Although he has not provided the Court with the dates of the alleged retaliatory actions, he refers to the parole board hearing conducted in January, 2005, which resulted in an initial, unspecified, retaliatory response, and also to an administrative grievance completed in January, 2006, which resulted in a second alleged retaliatory response, i.e., an eviction from the G.E.D. program and a transfer to LSP. Inasmuch as the Court is aware that the plaintiff's transfer to LSP occurred on or before September, 2007,[1] then it is

---

[1] A District Court may take judicial notice of the record in related proceedings. Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983). The Court hereby takes judicial notice of another civil action commenced by the plaintiff in this Court (contemporaneously with this one), Ray Rattler v. Bobby Jindal, Governor, et al., Civil Action No.

abundantly clear that his Complaint, filed in this Court in August, 2009, almost two years later, is barred by the applicable one-year statute of limitations.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

Signed in Baton Rouge, Louisiana, on September 21, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

09-0644-JJB-SCR, wherein he refers, in his Complaint, to events occurring at LSP as early as September, 2007.